**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DARLENE SINGLETON,

    Plaintiff,

vs.                                                          CASE NO. 3:06-cv-835-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## **O R D E R**

This matter is before the Court on Plaintiff's unopposed motion seeking an award of attorney's fees under 42 U.S.C. § 406(b) (Doc. #28; *see* Doc. #31), which was filed October 8, 2010. To date, Defendant has not filed a response to this motion and the response period has expired. Therefore, this matter is ripe for the Court's consideration and ruling.

Plaintiff's legal counsel, Erik W. Berger, seeks an award under a contingency fee contract for twenty-five percent (25%) of the past due benefits Plaintiff was awarded in this case (Doc. #28 at 1). In this instance, Plaintiff's counsel requests that the Court award him $9,000.00 in attorney's fees pursuant to 42 U.S.C. § 406(b). The sought amount is less than twenty-five percent (25%) of Plaintiff's past due benefits award (Doc. #28 at 2-5).

***History of case*:**

Plaintiff filed for disability insurance benefits (DIB) and supplemental security income (SSI) disability payments on June 26, 2002, asserting her disability began March

19, 2002 (Doc. #16, Plaintiff's Memorandum, at 2).[1]  Mr. Berger began representation of Plaintiff in June of 2006, while the applications for benefits were still pending at the administrative level (Docs. #28 at 1, 28-1 at 2).  After being denied initially and on reconsideration, a hearing was held on October 20, 2004 and a supplemental hearing on January 4, 2006 (Doc. #16 at 2).  The Administrative Law Judge (ALJ) issued an unfavorable decision on May 26, 2006, and the Appeals Council denied review on September 5, 2006 (Doc. #16 at 2).  Plaintiff then filed an appeal with the Court in the Middle District of Florida, Jacksonville Division, which reversed and remanded the case under sentence four of 42 U.S.C. § 405(g) on March 31, 2008 (Doc. #21).  Pursuant to the Equal Access to Justice Act (EAJA), this Court awarded Plaintiff $1,768.12 in attorney's fees on June 30, 2008 (Doc. #24), which appear to have been paid directly to Plaintiff's counsel (*see* Doc. #28 at 2).

Mr. Berger also represented Plaintiff in a subsequent application for Social Security benefits and, following the sentence four remand of the original claim, both claims were consolidated (Doc. #28 at 2).[2]  The Administrative Law Judge issued a fully favorable decision and Plaintiff was ultimately awarded Social Security disability benefits beginning March 19, 2002 (Doc. #28 at 2).  Plaintiff's non-final Notice of Award was dated February

---

[1]As the transcript of the underlying administrative proceeding is not available for public review on the record, the Court has relied on the schedule of events as presented in the Plaintiff's memorandum of law in opposition to the Commissioner's decision denying Plaintiff Disability Insurance Benefits (Doc. #16).

[2]The portion of the administrative proceedings subsequent to the sentence four remand of the original claim has not been a subject of an appeal before this Court.  The Court has relied on the schedule of events as presented in the Plaintiff's petition for award of attorney's fees pursuant to 42 U.S.C. § 406(b) (Doc. #28).

1, 2010 (Doc. #28-2 at 1).  Plaintiff filed an unopposed motion for extension of time to file a petition for award of attorney's fees, which was granted (Docs. #26, #27).[3]  Plaintiff's final Notice of Award was received on January 21, 2011 (Docs. #28-3, #30).[4]  Withheld from Plaintiff's past due benefits payment was twenty-five percent of the total benefit award in the amount of $15,804.15, which was reserved for attorney's fees.  (Doc. #30 at 2). Plaintiff's counsel's petition to award attorney's fees under 42 U.S.C. § 406(a) has been granted and he received a check in the amount of $5,917.00 for thirty-one (31) hours of work in the administrative proceedings (*see* Doc. #28 at 3).  Now Plaintiff's counsel is requesting $9,000.00 in attorney's fees pursuant to 42 U.S.C. § 406(b) (Doc. #28 at 1, 4, 5-6).

The contingent fee agreement Plaintiff entered into with attorney Erik W. Berger on June 20, 2006 is relevant to the instant motion (Doc. #28-1).  Terms of the fee agreement specify  that in the event of a favorable decision after remand from federal court to the Social Security Administration, attorney's fees will be twenty-five percent (25%) of the past due benefits owed to the Plaintiff (Doc. #28-1 at 1).

***Analysis***

Pursuant to 42 U.S.C. § 406(b), an attorney who successfully represents a claimant before the court in a Social Security benefits case may receive a reasonable fee which shall not exceed twenty-five percent of the past-due benefits awarded.  Therefore, in such

---

[3]The February 1, 2010 Notice of Award was non-final and it did not contain the exact amount of back benefits that were awarded to Plaintiff or the amount withheld to pay any approved attorney's fees (*see* Doc. #28-2).

[4]The Notice of Award is dated August 22, 2010, but it appears that it was indeed received by Plaintiff's counsel via facsimile on January 21, 2011 (*see* Doc. #30).

cases, contingency fee agreements are allowed, and the statute "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The attorney "must show that the fee sought is reasonable for the services rendered." *Id.* Generally, "[t]he 'best indicator of the "reasonableness" of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client . . . .'" *Coppett v. Barnhart*, 242 F. Supp. 2d 1380, 1383 (S.D. Ga. 2002) (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)). However, other factors that relate to reasonableness include whether there was unreasonable delay in the litigation caused by the attorney, the quality of representation, the size of the award in relationship to the time spent on the case, and the likelihood of the claimant prevailing. *Id.*; *see Gisbrecht*, 535 U.S. at 808. An attorney who is successful in claiming both EAJA fees from the United States and an award under § 406(b) (which comes out of past-due benefits) must refund "to the claimant the amount of the smaller fee." *Gisbrecht v. Barnhart,* 535 U.S. at 796 (finding Congress intended the total amount of past due benefits the claimant actually received to increase by the EAJA award up to 100% of the total benefits).

The *Gisbrecht* Court said downward adjustments can be made if the benefits are large in comparison to the amount of time counsel has spent in the case to prevent windfalls. *Id.* at 808. Here, Plaintiff's counsel has stated he spent eleven and a half (11.5) hours representing Plaintiff in the federal court action (*see* Docs. #23 at 3, #28 at 2), and thirty one (31) hours in the administrative proceedings, for which he has already been awarded fees under 42 U.S.C. § 406(a) (*see* Doc. #28 at 3). Having reviewed the record,

the Court finds the requested fee to be somewhat large in relation to the amount of time spent on the case at the federal level, but not beyond what is reasonable. *See Goulet v. Astrue*, No. 3:06-cv-975-J-TEM, 2010 WL 2731666 (M.D. Fla. Jul. 9, 2010) (finding $9,500 a reasonable 406(b) fee for 15.25 hours); *Rainey v. Astrue*, No. 3:08-cv-728-J-TEM, 2010 WL 2293397 (M.D. Fla. Jun. 8, 2010) (finding $14,626.63 reasonable attorney fees under section 406(b) for 18.5 hours); *Moore v. Astrue*, No. 3:00-cv-571-J-32, 2010 WL 1417629 (M.D. Fla. Apr. 8, 2010) (awarding $16,403.88 in 406(b) attorney fees for 19.5 hours claimed) *Davis v. Astrue*, No. 3:07-cv-705-J-MCR, 2009 WL 2579314 (M.D. Fla. Aug. 19, 2009) (finding $14,713.75 a reasonable 406(b) fee for 24 hours claimed in federal court).[5]

Nonetheless, Plaintiff and his counsel agreed that attorney's fees would not exceed twenty-five percent (25%) of the past-due benefit awarded. The amount sought by counsel in the instant motion for work in federal court is $9,000, which when added to the 406(a) fee award does not exceed twenty-five percent of the past-due benefits awarded.[6] Counsel spent eleven and a half (11.5) hours representing Plaintiff in federal court, which the Court found were reasonably expended (*see* Doc. #24). At 11.5 hours, the sought fee equates to an amount per hour of $782.61.

This Court has previously cited with approval the case of *Ellick v. Barnhart*, 445 F.Supp. 2d 1166, 1168 (C.D. Cal. 2006), where the court analyzed forty-three reported

---

[5]Unpublished opinions may be cited throughout this order as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

[6]Plaintiff's Notice of Award dated February 1, 2010, outlined the schedule of past due benefits, which totaled $63,273.60 (*see* Doc. #28-2).

post-*Gisbrecht* decisions and concluded in twenty-three cases the courts had approved the requested twenty-five percent contingency fees, although using different reasoning; in eight cases the attorneys had requested fees which were less than twenty-five percent and the courts had approved those requests; and, in twelve cases the courts reduced requested fees. *Id.* at 1168-71. Of the cases in which fees were reduced to less than twenty-five percent of the awarded benefits, two courts used *de facto* hourly fees of 2.5 times the attorney's normal hourly rate, three reduced fees to rates the judges considered reasonable based on experience, and in five cases the fees were reduced drastically without precise explanation.

The Court's review of this case under the factors referenced in *Gisbrecht* and considering the relative risk of loss in accepting a Social Security case,[7] reveals as follows:

1. Social Security is one of the primary areas of counsel's law practice.

2. Counsel began representing Plaintiff while the case was still under administrative review and consideration. The case spans several years and includes medical records dating back to 2002. Counsel filed a thirteen (13) page memorandum of law in support of his client's position. The memorandum led the Court to closely review the administrative record and the ALJ's decision for documentation and analysis pertaining to Plaintiff's mental condition. Finding the ALJ's mental impairment analysis was lacking, and therefore the hypothetical questions posed to the vocational expert failed to incorporate

---

[7]The Court notes that in the Eleventh Circuit's consideration of a reasonable fee under the lodestar method, one of the twelve factors examined was "the undesirability of the case." *Kay v. Apfel*, *supra*, 176 F.3d at 1327. Given the nature of Social Security cases, that seems an appropriate factor even under a *Gisbrecht* analysis. The factor also could be viewed as the substantial risk of loss at the time the case was undertaken.

6

all of Plaintiff's mental impairments, the Court remanded the case to the Commissioner under sentence four.

3.  The record available to the Court does not evidence any delays caused by Plaintiff's counsel.

4.  The Court considers the number of hours claimed reasonable based on the complexity of the case.

5.  Counsel always are accepting some risk in taking social security cases under contingency fee contracts because, statistically, roughly fifty percent will lose at the district court level. However, in this case, counsel's risk of loss was not so great because he entered the case early on during the administrative stage and was fully aware of the strengths and weaknesses from the beginning. Those counsel who, on the other hand, first enter the case at the district court level, take a case that has previously lost at four administrative levels.

6.  The sought fee is less than 25% of the awarded past due benefits to Plaintiff. While this amount is large in light of the number of hours spent in federal court, the amount is not so large to be considered a windfall on the facts of this case. Notably, Defendant has not opposed the sought fee.

Therefore, considering all of the factors in the case, the Court finds the requested fee is reasonable under the direction of *Gisbrecht*.

Accordingly, upon due consideration it is hereby **ORDERED:**

1.  The motion for award of attorney fees under 42 U.S.C. § 406(b) (Doc. #28) in the amount of $9,000.00 is **GRANTED**.

2.  The Commissioner is directed to pay, from the past due benefits held in escrow in this case, $9,000.00 to Plaintiff's counsel in attorney fees for representation of Plaintiff before the Court. *See Jackson v. Comm'r of Social Security*, 601 F.3d 1268, 1274 (11th Cir. 2010).

3.  As required under the statute and *Gisbrecht*, counsel may not "double-dip" and the amount of $1,768.12 previously received by Plaintiff's counsel for attorney fees under the Equal Access to Justice Act (EAJA) must be given to Plaintiff.

4.  Any remainder of the escrowed past-due benefits shall be paid to Plaintiff once the Commissioner resolves any claims against the escrowed sum.

5.  The Clerk shall enter Judgment accordingly and close the file.

**DONE AND ORDERED** at Jacksonville, Florida this  5th  day of April, 2011.

*Thomas E. Morris*

THOMAS E. MORRIS
United States Magistrate Judge

Copies to all counsel of record